IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| RENALDO DIAZ PEREZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:15-cv-00719-AKK-TMP |
| ) | |
| CYNTHIA STEWART, ) | |
| ) | |
| Respondent. ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action filed by an Alabama state prisoner pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of the conviction he received in the Circuit Court of Franklin County, Alabama, on August 3, 2012. Renaldo Diaz Perez ("Petitioner"), filed his *pro se* petition for writ of *habeas corpus* on April 16, 2015.[1] He is incarcerated at the Fountain Correctional Facility in Atmore, Alabama. In accordance with the usual practices of this court and 28 U.S.C. § 636(b), the matter was referred to the undersigned magistrate judge for a preliminary review and recommendation.

---

[1] Under the "prison mailbox rule," the petition is deemed filed on the day it was signed and delivered to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). Therefore, although the petition was received by the court on April 28, 2015, the date on which it was executed shall be considered the filing date.

## **PROCEDURAL HISTORY**

On August 3, 2012, the petitioner entered a guilty plea to the charge of first degree sexual abuse. The petitioner was sentenced to ten years' imprisonment. He did not file a direct appeal, and the time for doing so expired on September 14, 2012. On or about April 14, 2014, nineteen months after the time to appeal expired, the petitioner filed a post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. The Rule 32 petition was summarily dismissed by the trial court after reviewing the guilty-plea transcript.[1] The Alabama Court of Criminal Appeals affirmed the dismissal on appeal,[2] and his application for rehearing was overruled. The petitioner filed a petition for writ of *certiorari* with the Alabama Supreme Court, which was denied. Subsequently, the Alabama Court of Criminal Appeals issued a certificate of judgment on April 10, 2015.

---

[1]  The trial court apparently denied the Rule 32 petition on the merits. After reviewing the transcript of the guilty-plea hearing, the court entered the following order on July 4, 2014:

> This Court has reviewed the transcript of the guilty plea. Hal Carrigan was appointed as interpreter in this case. The Defendant knowingly, intelligently, and voluntarily entered his plea. The claim of ineffective assistance is not supported by the record. Any other allegation brought under the Rule 32 Petition is also not supported by the record. It is therefore Ordered that the Rule 32 Petition is denied.

(Doc. 5-2, p. 37 of 44).

[2]  The state appellate court concluded that the Rule 32 petition was time-barred under Ala. R. Crim. P. 32.2(c), which provides a one-year period for seeking Rule 32 relief. (Doc. 5-4).

The petitioner filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on April 16, 2015. The petitioner claims that he was coerced into pleading guilty because his attorney told him to answer "yes" to the questions asked of him during the plea colloquy and that if he did so he would be able to go home. He further alleges that his plea hearing was defective because he was not provided with an interpreter who speaks the language in which he is most fluent. According to the petitioner, he speaks "Mam," a Mayan language with roughly 500,000 speakers in Guatemala and Mexico, but the court provided him with a Spanish-speaking interpreter. The petitioner claims that he did not understand the proceedings because he is not fluent in Spanish or English. He argues that the defects in his plea hearing rendered the state trial court without jurisdiction to enter a judgment or sentence.

On June 17, 2015, pursuant to the court's Order to Show Cause, the respondents filed an answer to the petitioner's § 2254 petition, contending that the action is time-barred by operation of 28 U.S.C. § 2244. (Doc. 5). By order dated July 7, 2015, the parties were notified that the answer would be considered to be a motion for summary disposition, and the petitioner was informed of his right to file affidavits or other materials to show why the action should not be summarily denied or dismissed. (Doc. 7). The petitioner filed his reply to the respondent's answer on July 6, 2015. On July 20, 2015, the petitioner filed a Motion to

Consider Additional Arguments. (Doc. 8). In the Motion, the petitioner elaborates on his original argument that he was unable to understand the proceedings due to the failure of the court to appoint an interpreter who could translate the proceedings into Mam. He further states that he was not informed of his right to file a direct appeal or a motion for post-conviction relief. The petitioner's Motion to Consider Additional Arguments (doc. 8) is GRANTED, and the court will construe the arguments therein as a further reply to the respondent's answer.

## TIMELINESS

The respondents raise the issue that the instant motion may not be considered by the court because it is time-barred pursuant to 28 U.S.C. § 2244(d). Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") made several changes in the law governing the collateral relief available under § 2244. The AEDPA amended 28 U.S.C. § 2244(d) to read:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The date most relevant to this action is the first: the date on which the petitioner's conviction became final. The petitioner was sentenced on August 3, 2010. His sentence became final on September 14, 2012, when his time to file for appellate review expired.[3] Accordingly, the petitioner had until September 14, 2013, to timely file his petition for *habeas corpus* pursuant to § 2254. There is no

---

[3] In Alabama, the appeals time dictated by Rule 4 of the Alabama Rules of Appellate Procedure are: 42 days after sentencing, or 14 days after the Alabama Court of Criminal Appeals affirms the convictions. The petitioner did not appeal to the Alabama Court of Criminal Appeals, so his conviction became final 42 days after sentencing. This court has consistently held that a conviction that is not appealed becomes final 42 days after the judgment is entered, when the time for seeking review in the Alabama Court of Criminal Appeals expires pursuant to Alabama Rule of Appellate Procedure 4(a)(1). See, *e.g.* Angelo Green v. James Hayes, Case No. 4:06-cv-996-SLB-TMP, in the United States District Court for the Northern District of Alabama; James Edward Wallace v. Gwendolyn Mosely, et al., Case No. 03-TMP-2309-M, in the United States District Court for the Northern District of Alabama; James Spinster Clopton v. Ralph Hooks, Warden, et al., Case No. 99-TMP-361-NE, in the United States District Court for the Northern District of Alabama.

evidence that the petitioner took any further action until April 14, 2014, when he filed his Rule 32 petition.

The respondents correctly assert that the petitioner's § 2254 motion is outside of the one-year allowance provided in § 2244(d). The instant *habeas* petition was filed on April 16, 2015, more than a year and a half after the limitations period had run. The court agrees that time for the filing of this petition expired, and it cannot now be considered on the merits. The instant petition is, therefore, time-barred. Further, the petitioner's Rule 32 petition has no tolling effect on the one-year limitations period, because it was filed after the period had expired. Although a properly filed Rule 32 petition can serve to toll the expiration of the one-year limitations period, it cannot "restart the clock" if filed after the limitations period expires. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004), citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003).

The Eleventh Circuit Court of Appeals has recognized that the limitations period under § 2244(d)(1) may be equitably tolled "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The court went on to note that equitable tolling is an "extraordinary remedy" and cautioned that it is to be "applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing Irwin v. Department of Veteran

Affairs, 498 U.S. 89, 96; 111 S. Ct. 453, 457-458; 112 L. Ed. 2d 435 (1990)). Other circuits likewise have restricted the use of equitable tolling to instances that are "extraordinary," "rare," and "beyond the control" of the petitioner. See Wyzykowski v. Department of Corrections, 226 F.3d 1213, 1216, n.1 (11th Cir. 2000), and cases therein. Equitable tolling is available only where "extraordinary circumstances" have prevented timely filing and the movant has been "otherwise diligent." Helton v. Secretary for the Department of Corrections, 259 F.3d 1310, 1312-13 (11th Cir. 2001).

The petitioner asserts that he is not subject to the one-year limitations period because "[i]n challenging the jurisdiction of the trial court, it made his issue jurisdictional under state law," and "[j]urisdictional issues can be raised at any time." (Doc. 6, p. 1). The petitioner cannot, however, create a jurisdictional issue where none exists. The mere act of claiming that the trial court did not have the jurisdiction to sentence him does not itself create a jurisdictional argument. The petitioner's *habeas* petition is based upon his arguments that he was coerced into entering a guilty plea and that he was not provided with an interpreter who spoke his native language. Neither of these is a jurisdictional claim, and the state court of criminal appeals expressly rejected the argument that they are jurisdictional.[3]

---

[3] Specifically with respect to the claim that his guilty plea was invalid because there was no Mam interpreter, the Alabama Court of Criminal Appeals wrote:

Accordingly, the petitioner's argument that his petition is not subject to the limitations period on jurisdictional grounds is without merit.

The petitioner also argues that he is entitled to equitable tolling because the trial court failed to determine the language in which the petitioner is most fluent, provided him with an interpreter for the wrong language, and, did not insure that he understood the proceedings sufficiently to knowingly and voluntarily enter a guilty plea. Equitable tolling is available only where "extraordinary circumstances" have prevented timely filing and the movant has been "otherwise diligent." Helton v. Secretary for the Department of Corrections, 259 F.3d 1310, 1312-13 (11th Cir. 2001). The petitioner's argument for equitable tolling addresses alleged inadequacies in his plea hearing and sentencing proceeding, but he does not assert any reason that he was not able to file a petition for writ of *habeas corpus* for almost three years after his sentencing. The petitioner alleges that he was not informed that he had the right to file a direct appeal or Rule 32 petition. However, not being told of his right to filed post-conviction motions is

---

> While couched as a jurisdictional question by the Perez [sic], this issue is actually a constitutional claim. Perez's assertion is essentially that he did not voluntarily enter his guilty plea. In regards to a Rule 32 petitioner who alleges that his guilty plea was not voluntarily given, this Court has held, "[a]lthough Boykin [v. Alabama, 395 U.S. 238 (1969)] issues may be raised in a post-conviction petition even when not raised on appeal, they are not jurisdictional issues.

(Doc. 5-4, pp. 5-6).

not an "extraordinary circumstance." Furthermore, the petitioner has not offered any evidence that he was "otherwise diligent" in seeking post-conviction relief of any sort. Accordingly, the petitioner is not entitled to equitable tolling of the limitations period.

## RECOMMENDATION

For the reasons stated above, the magistrate judge hereby RECOMMENDS that the petitioner's motion pursuant to 28 U.S.C. § 2254 be DENIED and DISMISSED WITH PREJUDICE as time-barred.

## NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.** Failure to do so will bar any later challenge or review of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S. Ct. 899, 88 L. Ed.2d 933 (1986); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to challenge the findings of the magistrate judge, a party must

file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.  A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the petitioner and upon counsel for Respondents.

DONE this 6th day of November, 2015.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE